

U.S. Department of Justice

United States Attorney
District of New Jersey

970 Broad Street, 7th floor       973-645-2700
Newark, New Jersey 07102

June 11, 2025

Rahul Sharma, Esq.
Office of the Federal Public Defender
1002 Broad Street
Newark, New Jersey 07102
rahul_sharma@fd.org

Re:   Rule 11(c)(1)(C) Plea Agreement with Joan M. Estrella

Dear Mr. Sharma:

This letter sets forth the plea agreement between your client, Joan M. Estrella ("Estrella or the "Defendant"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on June 25, 2025, if it is not accepted in writing by that date. If Mr. Estrella does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

Conditioned on the understandings specified below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office will accept a guilty plea from Estrella to an Information that charges him with possession with intent to distribute fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). If ESTRELLA enters a guilty plea and is sentenced on this charge to a three-year term of probation and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against ESTRELLA for conspiring to possess, or for possessing controlled substances with intent to distribute them in New Jersey between in or around June 2022 through October 2022.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Estrella even if the applicable statute of limitations period for those charges expires after Estrella signs this agreement, and Estrella agrees not to assert that any such charges are time-barred.

If the Court rejects this plea agreement, Estrella may withdraw his guilty plea. Whether or not he does, if the Court rejects this plea agreement, this Office may withdraw from it. If the Court defers a decision to accept the plea agreement until the Court has reviewed the presentence report pursuant to Rule 11(c)(3)(A), Estrella will not move to withdraw his guilty plea unless and until the Court rejects the plea agreement.

Sentencing

The violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) to which ESTRELLA agrees to plead guilty in the Information carries a statutory maximum prison sentence of 20 years, and if a term of probation is imposed, a statutory minimum term of probation of one year and a statutory maximum term of probation of 5 years, and a statutory maximum fine equal to the greatest of: (1) $1,000,000, or (2) twice the gross profits or other proceeds to ESTRELLA. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to Rule 11(c)(1)(C), this Office and Estrella agree that a sentence of three years' probation (the "Stipulated Sentence") is the appropriate disposition of the case. Accordingly, if the Court accepts this plea agreement, the Court must sentence Estrella to three years' probation.

Further, in addition to imposing any other penalty on Estrella, the sentencing judge as part of the sentence:

(1) will order ESTRELLA to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order forfeiture pursuant to 21 U.S.C. § 853;

(3) may deny ESTRELLA certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(4) pursuant to 18 U.S.C. §§ 3564 and 3565, if ESTRELLA is sentenced to a term of probation instead of imprisonment and then violates any condition of that probation, his probation may be revoked, and he may be sentenced to as much as 20 years' imprisonment and at least three years' supervised release.

Forfeiture

As part of ESTRELLA's acceptance of responsibility and pursuant to 21 U.S.C. § 853, ESTRELLA agrees to forfeit to the United States any and all property constituting or derived from any proceeds ESTRELLA obtained, directly or

indirectly, as the result of the violation charged in the Information, and all of ESTRELLA's right, title, and interest in any property that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violation charged in the Information.

ESTRELLA further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; entitling the United States to forfeit substitute assets equal to the value of the proceeds obtained by ESTRELLA (the "Money Judgment"). ESTRELLA consents to the entry of an order requiring ESTRELLA to pay the Money Judgment and agrees that such Order will be final as to ESTRELLA prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating ESTRELLA's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. ESTRELLA further agrees that the United States Attorney's Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

ESTRELLA waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), ESTRELLA consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to ESTRELLA prior to the sentencing. ESTRELLA understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the Court to advise ESTRELLA of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. ESTRELLA further understands that ESTRELLA has no right to demand that any forfeiture of ESTRELLA's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon ESTRELLA in addition to forfeiture.

ESTRELLA further agrees that ESTRELLA will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office within 14 days of this Office requesting that ESTRELLA do so. If ESTRELLA fails to timely provide a complete and accurate Financial Disclosure Statement, or if this

Office determines that ESTRELLA has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Estrella by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Estrella's activities and relevant conduct with respect to this case.

Stipulations

This Office and Estrella will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

If the Court imposes the Stipulated Sentence, neither party will appeal that sentence. In addition, except as specified in the next paragraph below, and in exchange for the concessions this Office made in entering into this plea agreement, Estrella will not challenge by any means his conviction or any component of his sentence. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion for early termination of probation under 18 U.S.C. § 3564(c), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(1)     Any proceeding to revoke the term of probation.

(2)     Any claim Estrella pursues in an appropriate forum, when permitted by law, that Estrella received constitutionally ineffective assistance of counsel.

### Immigration Consequences

Estrella understands that, if Estrella is not a citizen of the United States, Estrella's guilty plea to the charged offense will likely result in Estrella being subject to immigration proceedings and removed from the United States by making Estrella deportable, excludable, or inadmissible, or ending Estrella's naturalization. Estrella understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Estrella wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Estrella's removal from the United States. Estrella understands that Estrella is bound by this guilty plea regardless of any immigration consequences. Accordingly, Estrella waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Estrella also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Estrella. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No Other Promises

This agreement constitutes the entire plea agreement between Estrella and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By:  /s/ Jena L. Tiernan
     Jena L. Tiernan
     Special Assistant U.S. Attorney

APPROVED:

Elaine K. Lou
Deputy Chief, Criminal Division

I have received this letter from my attorney, Rahul Sharma, Esq. It has been translated for me into Spanish. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and I accept those terms. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____         Date: 6/17/2025
Joan M. Estrella

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and my client accepts those terms. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____         Date: 6/17/25
Rahul Sharma, Esq.
Counsel for Defendant

- 7 -

## Rule 11(c)(1)(C) Plea Agreement With Joan M. Estrella ("Estrella")

### Schedule A

This Office and Estrella agree to stipulate to the following facts:

1. On or about July 26, 2022, in Passaic County, in the District of New Jersey, Estrella possessed with intent to distribute a controlled substance, namely, a mixture containing fentanyl.

2. The mixture containing fentanyl weighed approximately 144.6 grams.